Daniei, Judge.
 

 The first exception to the sufficiency of the defendants answers, must be overruled; because, whether
 
 Blackman, Smith
 
 and others, were good and able to pay the judgment which
 
 Snead
 
 had obtained them, (a part of which belonged to the plaintiff,) was a matter quite immaterial in this case ; as it is not alleged by the plaintiff in his bill, that the Bank assented to any arrangement by which its judgment against the plaintiff,should be satisfied out of any portion of
 
 Snead’s
 
 judgment against those persons; and the Sheriff had no execution in his hands at the suit of the Bank against the plaintiff.
 

 The second exception must be overruled; because although
 
 Blackman, Ehodcs
 
 and
 
 Ilopton
 
 may bo able to pay the judgment which the Bank obtained against them, still as no payment or satisfaction has actually been made on this judgement, the circumstance of the judgment having been obtained by the Bank against the Sheriff and his sureties, is not, in law or equity, a satisfaction or discharge of the judgment which the Bank had before obtained against the plaintiff, although the two judgments were in fact for one and the same demand. The Bank had its election to make the money either out of them or the plaintiff; and the election the Bank proposes to make is obviously the just and equitable one, because the Sheriff’s sureties were not properly chargeable.
 

 The third exception must be overruled ; for if
 
 the [act
 
 was that the coroner had an execution in his hands at the instance of
 
 Snead
 
 against
 
 Blackman, Smith
 
 and others, and if at that time the plaintiff thought proper to give
 
 Blackman
 
 a receipt for his, the plaintiff’s, part of
 
 Snead’s
 
 judgment, under an agreement with
 
 Blackman
 
 that he would pay the Bank that sum, on its execution
 
 *530
 
 The agree-Nothing against the plaintiff, if it had been then in his hands as sheriff; still as no cash was paid, such an arrangement made by the plaintiff and the sheriff, without the assent of the Bank, could in no wise operate as a discharge of the plaintiff from his liability to the Bank, ment of the sheriff could not bind the Bank, but the receipt of the cash, or a levy by the sheriff, and taking property sufficient to discharge the execution out of the possession of the present plaintiff could discharge his liability.
 

 Nothing1 hut cash received by the Sheriff from the defendant in an execution, or a levy upon his property,and taking it out of his posssssion, can discharge the debt due the plaintiff
 

 The fourth exception must be overruled; because the bill does not pretend to state that the Bank assented to the transaction. Therefore, whether the plaintiff gave his receipt to
 
 Blackman,
 
 for his part of
 
 Snead’s
 
 judgment against
 
 Blackman, Smith
 
 and others, was a tiling .quite immaterial to the Bank. It was neither payment or satisfaction of the execution which the Bank then liad against the plaintiff. But the defendants in their answer do state, that they do not know whether the plaintiff gave
 
 Blackman
 
 any receipt for his part of
 
 Snead’s
 
 judgment. Their omitting to say whether they were informed or believed that the plaintiff had given such a receipt, in this case, would have been useless, for the reasons before mentioned. The answers state that it was proved on the trial, that
 
 Blackman
 
 did not have the execution for the Bank in his hands, at the time lie and the plaintiff made the agreement. We think that the order made in the Superior Court, allowing the exceptions to the sufficiency of the answer must be reversed, and that all the exceptions must be overruled.
 

 Ter Curiam — Decree below reversed.